PEDRO QUIÑONES, Plaintiff and Appellee-Appellant, *v.* R. MÉNDEZ & HNO., Defendant and Appellant-Appellee.

Nos. 7986 and 8089. Argued June 12, 1940.—Decided June 17, 1940.

*E. H. F. Dottin* for appellee-appellant.  *Luis Apellániz Storer* for appellant-appellee.

Mr. Justice Travieso delivered the opinion of the court.

The plaintiff worked as a laborer for the defendant partnership which is engaged in sundry activities including the business of transporting merchandise among various places in the Island. On May 25, 1938, a motor truck belonging to the defendant and driven by Alejandro Méndez, one of its partners, was going towards the town of Loíza to the ward of Río Grande without carrying any load. The plaintiff was traveling in the truck, sitting next to the driver in the front seat. On approaching the ward of Ciénega Baja, at a place where there is a turn in the highway, the truck collided with a tree and as a result of the collision the plaintiff sustained serious injuries, losing his upper teeth.

In the complaint it was alleged that the accident was due to the negligence and carelessness of the driver of the vehicle in going at a rate of speed greater than 40 kilometers per hour and in failing to reduce such speed when taking the curve.. It was further alleged that at the time of the acci-

dent the defendant was an uninsured employer and that it had been so informed by the Manager of the State Insurance Fund.

The defendant answered and denied specifically the essential averments of the complaint, and on the contrary alleged "that any injury which the plaintiff may have received was due solely to his senseless and rash action in attempting to open the door of the truck in order to jump out at the very moment of the accident." As affirmative defenses it alleged:

1st. That at the time of the accident the defendant had insured with the State Insurance Fund the laborers who worked in the truck wherein the plaintiff was injured; that this matter is now pending decision by the Industrial Commission, for which reason the complaint filed is premature; and that the District Court of San Juan lacks jurisdiction to entertain this action, in accordance with the provisions of section 20 of Act No. 45 of April 18, 1935 (Session Laws, p. 250).

2d. That at the time of the accident the truck was unloaded; that near the place where the accident occurred the accelerator of the truck became loose, feeding a great amount of gasoline to the motor; that the driver could not reduce the gasoline as he lacked the means to do so, and in order to avoid a greater disaster, he was compelled to drive the truck against the tree; and that if the plaintiff had remained in his seat nothing would have happened to him.

The District Court of San Juan rendered judgment in favor of the plaintiff and in its opinion it held as proved the following facts:

That at the time of the accident the truck, which was unloaded, was being driven at a greater speed than a reasonable prudence warranted and in turning the curve it deviated and collided with the tree; that the defense to the effect that the accident was due to the breaking of the accelerator spike was overcome by the testimony of the mechanic who stated that the spike might have been broken in the collision; that the version of the accident given by the driver of the truck in

order to charge contributory negligence on the part of the plaintiff, even if correct, would not relieve the defendant from liability.

The judgment granted to the plaintiff an indemnity amounting to $400, with costs and $100 as attorney's fees. Both parties have appealed from that judgment.

The defendant-appellant urges that the trial court erred in holding that the accident was due to the fault and negligence of said defendant; in holding that at the time of the accident the defendant had not insured the plaintiff with the State Insurance Fund; and in fixing at $400 the damages sustained by the plaintiff.

The plaintiff has appealed on the ground that the award of $400 made in his favor is inadequate.

█ The first question to be considered and decided is whether, at the time of the accident, the injured workman had been insured by the employer with the State Insurance Fund.

The plaintiff alleged that R. Méndez & Hno. was an uninsured employer and declared to be such by the Manager of the Fund. In support of this allegation he offered his own testimony thus:

"Q. Have you received anything from the State Fund?
"A. $6.75 and later $4.50. I received $11.25 in all, and the other allowances were not paid to me because the employer had taken no insurance."

The plaintiff also introduced a certified copy of the decision rendered by the Manager of the State Insurance Fund in the case of the petitioner Pedro Quiñones against the employer R. Méndez & Hno. Said decision, in its pertinent part, reads as follows:

"The accident was sustained by a workman in a truck which was devoted to the transportation of cane for hire, and hence this business was not covered by the employer's policy. Therefore, the Manager of the State Insurance Fund considers that there is involved here an employer who has failed to take out insurance in violation of the law, and directs that the record of this case be taken before the Hon. Industrial Commission for the proper proceedings."

In opposition to the allegations and evidence of the plaintiff, the defendant alleged that at the time of the accident it had insured the laborers who worked in the truck; and that plaintiff's claim before the commission is pending a setting for hearing. The Chief of the Insurance Division testified that R. Méndez & Hno. had a policy covering the following risks: 0006, dairy business; 7380, commercial truck; and 8006, grocery business; that the commercial truck risk consists of the insurance of a private commercial truck and "that under that insurance they may not transport any load other than that pertaining to their own business." From the record it does not appear that any appeal has been taken from the decision of the Manager of the Fund to the Industrial Commission. Defendant's allegation that the matter is still pending before the Industrial Commission has not been supported by any evidence, and therefore we must regard the decision of the manager as being final and definitive (firme y definitiva).

Inasmuch as R. Méndez & Hno. was an uninsured employer, the injured workman had the right, under section 15 of the Workmen's Compensation Act (Laws of 1935, p. 250), to proceed against the employer by filing a petition for compensation with the Industrial Commission, and also to bring an action for damages against the employer. If the judgment rendered in the action for damages should exceed the compensation actually paid by the State Fund, the latter must be deducted from the amount of the judgment.

The evidence introduced by the plaintiff in support of its allegation of negligence has been fully believed by the trial court. As that evidence is, in our judgment, sufficient to support said allegation, and as it does not appear that the lower court has committed any manifest error or that it weighed the evidence under the influence of passion, prejudice, or partiality, it is our duty to uphold its judgment.

The award of $400 granted by the lower court seems to us to be a reasonable one. That amount was not arb-

itrarily fixed. The plaintiff introduced evidence tending to show that the injuries received by him had produced almost his total incapacity, and that he was suffering from amnesia or loss of memory. The trial judge who had the opportunity to observe the plaintiff and to hear his testimony, in his opinion said:

"I saw the witness testify; he expresses his thoughts with precision; his memory faculties are intact and his recollection clear and concise. I could not perceive the almost total incapacity referred to by the physician nor the amnesia or loss of memory which be observed in his examination."

Therefore, both appeals must be overruled and the judgment appealed from affirmed.

Mr. Justice De Jesús took no part in the decision of this case.